**GREAT–WEST LIFE & ANNUITY INSURANCE COMPANY, Michelle Graybill, as Plan Administrator of The Health and Welfare Plan for Employees of Allegheny Airlines and The Health and Welfare Plan for Employees of Allegheny Airlines, Plaintiffs,**

v.

**Theresa BARNHART, Defendant.**

**Civil Action No. 5:97CV178.**

United States District Court, N.D. West Virginia.

Sept. 4, 1998.

Suzanne Quinn, Bachmann, Hess, Bachmann & Garden, Wheeling, Paige S. Roselle, Atlanta, GA, Thomas H. Lawrence, Lewis, Fisher, Henderson & Claxton, L.L.P., Memphis, TN, for Plaintiffs.

Allison Adyniec Cowden, Sellitti, Nogay & McCune, Weirton, WV, for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFFS' MOTION TO DISMISS

STAMP, Chief Judge.

### I. *Introduction*

This case presents this Court with an issue of first impression in this circuit: whether the "make-whole" doctrine applies, as a matter of federal common law, to subrogation and/or reimbursement provisions under an ERISA-governed, self-funded employee benefit plan. The make-whole doctrine provides that a party may not be subrogated to the rights of an injured party who recovers from a tortfeasor unless the injured party is made whole, i.e. fully compensated for the injuries sustained.

Plaintiff The Health and Welfare Plan for the Employees of Allegheny Airlines ("Plan") is a self-funded, employee welfare benefit plan as defined under ERISA, 29 U.S.C. § 1002(1). Plaintiff Great–West Life & Annuity Insurance Company ("Great–West") has been assigned the right to collect reimbursement claims that arise under the Plan. Plaintiff Michelle Graybill ("Graybill") is the Administrator of the Plan. Defendant, Theresa Barnhart is the spouse of an Allegheny Airlines employee and is entitled to benefits under the Plan.

On July 21, 1995, Theresa Barnhart sustained injuries in an automobile accident. She sued the tortfeasor for those injuries. Subsequently, she settled her claims against the tortfeasor for $25,000. In the interim, the Plan paid medical, surgical, and hospital bills that totaled $5,778.53. After Ms. Barnhart settled with the tortfeasor, the Plan sought reimbursement of the benefits it paid to her pursuant to the terms of the Plan. Defendant refused to reimburse the Plan, and plaintiffs filed a complaint in this Court on December 16, 1997, seeking declaratory and injunctive relief. Plaintiffs seek an injunction that prevents defendant from violat-

ing the terms of the benefit plan, an order of restitution premised upon a theory of unjust enrichment, and a declaration that the terms of the benefit plan require reimbursement when a beneficiary recovers from a third party and require defendant to pay the Plan $5,778.53.

On January 20, 1998, defendant filed a motion for summary judgment. Defendant urges this Court to adopt the make-whole doctrine in this context and grant summary judgment to defendant upon application of the make-whole rule because the $25,000 settlement did not fully compensate defendant for her injuries. Plaintiffs argue that the United States Court of Appeals for the Fourth Circuit has rejected, by implication, the make-whole doctrine and that this Court should not apply it to this case. In the alternative, plaintiffs assert that if this Court decides that the doctrine can be applied in circumstances such as those presented by this case, the employee-benefit plan at issue in this civil action precludes, by its terms, the application of the make-whole rule.

Because this Court finds that the plain language of the Plan precludes the need to fashion federal common law, this Court need not decide whether the make-whole doctrine should apply to self-funded ERISA plans as a matter of federal common law.

## II. Rule 56 Standards

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Id.* The party seeking summary judgment bears the initial burden of showing the absence of any issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, as the United States Supreme Court noted in *Anderson v. Liberty Lobby, Inc.,* Rule 56(e) itself provides that "a party opposing a properly supported motion for summary judgment 'may not rest upon mere allegations or denials of [the] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.' " 477 U.S. 242, 256, 106 S.Ct. 2505, 91

L.Ed.2d 202 (1986). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. 2505. *See also Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (*citing Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950)).

In *Celotex,* the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. *Oksanen v. Page Memorial Hosp.,* 912 F.2d 73, 78 (4th Cir. 1990). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. Discussion

ERISA preempts state regulatory law and common-law rules related to self-funded employee benefit plans. *FMC Corp. v. Holliday,* 498 U.S. 52, 61, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). "Although ERISA establishes a comprehensive regulatory scheme for employee welfare benefit plans, it does not mandate any minimum substantive content for such plans." *United McGill Corp. v. Stinnett,* 1998 WL 544802, at *3 (4th Cir. Aug.27, 1998) (citations omitted). "When ERISA fails to address an issue and the state law governing that issue has been preempted, the Supreme Court and the Fourth Circuit have authorized federal courts to develop federal common law of

rights and obligations under ERISA-regulated plans." *Phoenix Mut. Life Ins. Co. v. Adams,* 30 F.3d 554, 562 (4th Cir.1994). At the same time, "[c]ourts should only fashion federal common law when 'necessary to effectuate the purposes of ERISA.'" *United McGill Corp.,* 154 F.3d at 171–72, 1998 WL 544802 (quoting *Singer v. Black & Decker Corp.,* 964 F.2d 1449, 1452 (4th Cir.1992)). Further, in ERISA actions, "[r]esort to federal common law generally is inappropriate when its application would ... threaten to override the explicit terms of an established ERISA benefit plan." *Singer,* 964 F.2d at 1452 (citations omitted). Because this Court finds that creating federal common law by adopting the make-whole doctrine would contravene the express terms of the Plan, this Court finds that defendant's motion for summary judgment should be denied, plaintiffs' cross motion for summary judgment should be granted and plaintiffs' motion to dismiss the counterclaim should be granted.

The plan at issue in this civil action provides:

A third party may be liable or legally responsible for expenses incurred by a covered person for an Illness, a sickness, or a bodily injury.

Benefits may also be payable under this Plan for such expenses. When this happens, Great–West may ...

- recover from the covered person or his or her legal representative any benefits paid under the Plan from payment which the covered person is entitled to receive from the third party, the third party's insurer or guarantor, or uninsured and/or underinsured motorist insurance.

Great–West will have a first lien upon any recovery, whether by settlement, judgment, mediation or arbitration, that the covered person receives from any of the sources listed above. This lien will not exceed:

— the amount of benefits paid by Great–West for the Illness, sickness or bodily injury; or

— the amount received from the third party, the third party's insurer or guarantor, or uninsured and/or underinsured motorist insurance.

. . . . .

- Great–West's first lien rights will not be reduced due to the covered person's own negligence or due to attorney's fees and costs.

For example, if you are injured while traveling in a car and you have filed or will be filing claims with Great–West, Great–West is entitled to recover from you or your legal representative when you are paid by any of the sources listed above for injuries arising from the accident.

These provisions clearly require the beneficiary of the Plan to reimburse the Plan for benefits disbursed upon the receipt of money from a responsible third party. The plain language of the Plan states that it has a first lien on any recovery obtained by the beneficiary and that the beneficiary is obligated to repay the Plan in the amount of benefits paid by the Plan or the amount received from the third party, the third party's insurer or uninsured or underinsured motorist insurance. This Court finds that the subrogation and reimbursement language of the Plan is not ambiguous and clearly entitles the Plan to full recovery. Accordingly, defendant's motion for summary judgment is DENIED; plaintiffs' cross-motion for summary judgment is GRANTED.

For the reasons set forth above, plaintiffs' motion to dismiss defendant's counterclaim is hereby GRANTED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

The Clerk is directed to transmit copies of this order to counsel of record herein.